## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| TRAVIS L. JACKSON | CIVIL ACTION NO. 18-1359 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| MICHELLE M. ANDREFONT | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff Travis L. Jackson, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on October 16, 2018, under 42 U.S.C. § 1983. He names Michelle M. Andrefont as Defendant.[1]  For reasons that follow, it is recommended that Plaintiff's claims be dismissed.

### Background

Plaintiff is detained on a charge of second degree murder, and he alleges that his public defender refuses to explain why the alleged homicide was not justifiable.  [doc. # 1, p. 1].  His attorney did provide a short explanation, but Plaintiff disagrees with her assessment.  *Id.*  He also claims that she will not listen to him or explain his charges.  *Id.*  He maintains that she violated his Fifth, Sixth, and Fourteenth Amendment rights, as well as several Rules of Professional Conduct.  *Id.*  Plaintiff seeks reimbursement for his medical bills and compensation for lost wages, pain, and suffering.  [doc. # 4, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. State Actor**

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law.  42 U.S.C. § 1983.  "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."  *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  "Fair attribution" means: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Lugar*, 457 U.S. at 937.  Of import here, "a public defender does not act under color of

3

state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff alleges, essentially, that his public defender refuses to provide adequate counseling. This, however, is manifestly a lawyer's traditional function as counsel. As the Supreme Court explained, "Within the context of our legal system, the duties of a defense lawyer are those of a personal counselor and advocate." *Id.* at 318; see *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants . . . are not state actors for § 1983 purposes.").[3] Thus, Plaintiff's public defender is not a state actor, and Plaintiff's claims should be dismissed.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Travis L. Jackson's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[3] See also *Folk v. Prime Care Med.*, 2018 WL 3359675 (3d Cir. July 10, 2018) (finding, where the Plaintiff alleged that his counsel provided poor legal advice, that counsel's alleged actions occurred while providing a lawyer's traditional function as counsel); *Trexler v. Giese*, 2010 WL 104599, at *3 (D.S.C. Jan. 7, 2010) (holding that communicating with a client is a function falling "squarely within the parameters of" legal representation); *Camacho v. Fairfield Cty.*, 2001 WL 34397629, at *4 (D. Conn. Mar. 12, 2001) (finding that communicating with a client and providing necessary information is a traditional function of counsel); *McDaniel v. Montgomery*, 2009 WL 2241574, at *2 (E.D. Ark. July 24, 2009).

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 2nd day of November, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

5